## A91A1053. McCOLLUM v. THE STATE.
### (411 SE2d 328)

POPE, Judge.

Following a bench trial, defendant Kent McCollum was convicted of the offenses of driving under the influence of alcohol, fleeing and eluding arrest and reckless driving. He obtained new counsel and moved for a new trial on the ground he was denied his constitutional right to a trial by jury and was denied effective assistance of counsel. Defendant appeals the order denying his motion for new trial.

1. At the hearing on defendant's motion for new trial, defendant's trial counsel testified the case had appeared on the trial calendar possibly three times but had not been reached. The attorney also represented defendant in another criminal case in which a nolle prosequi was entered. Defendant and his father informed the attorney that they were eager to have the remaining case disposed of because defendant had a chance at obtaining a government job if no criminal charges were pending against him. The attorney informed defendant that the only possible way to expedite the matter was to have a non-jury trial. According to the attorney, defendant voiced his consent to a non-jury trial. A non-jury trial was scheduled and at no time during the trial did the defendant raise an objection. Defendant and his father denied they consulted with the attorney about expediting the

case and both testified they thought the proceeding before the judge was not a trial but merely a hearing.

"A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. *Wooten v. State,* 162 Ga. App. 719 (293 SE2d 11) (1982)." *Hill v. State,* 181 Ga. App. 473 (1) (352 SE2d 651) (1987). The State has the burden of proving the waiver was made intelligently and knowingly. Id. We conclude the State met its burden in this case. The record supports the trial court's finding that the defendant was familiar with his right to a jury trial because he had attended court on several occasions waiting for his case to be tried and because in a prior criminal case he had pleaded guilty after being informed of his right to a jury trial. The record shows defendant had an incentive to waive his right to a jury trial in order to expedite the proceeding and, though the evidence was in conflict, the record supports the trial court's finding that defendant consulted with his attorney and made an intelligent and knowing decision to waive this right. That defendant had discussed the decision with his counsel and made no objection to the proceeding until after he received an unfavorable verdict is further evidence of his knowing waiver. See *Little v. Stynchcombe,* 227 Ga. 311 (1) (180 SE2d 541) (1971).

2. The record does not support defendant's contention that he was denied effective assistance of counsel by counsel's alleged failure to inform him of his right to a jury trial. Neither does the record show defendant's trial counsel was ineffective in interviewing witnesses or preparing for trial. Because defendant failed to establish a reasonable probability that the outcome of the trial would have been different but for counsel's asserted deficiencies, ineffectiveness of counsel was not shown. See *Sweetenburg v. State,* 197 Ga. App. 36 (2) (397 SE2d 451) (1990).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 25, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 — 

*Robert G. Fierer,* for appellant.
*Darrell E. Wilson, District Attorney, Brett W. Ladd, Assistant District Attorney,* for appellee.